# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CARMELITA C. METTS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:22-cv-00561-MHH-NAD |
| WARDEN NEELY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Carmelita C. Metts filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On June 8, 2023, the magistrate judge entered a report in which he recommended that the Court deny Ms. Mett's petition for habeas relief. (Doc. 18). On June 29, 2023, the court received Ms. Metts' objections. (Doc. 19).[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A

---

[1] The June 8, 2023, report and recommendation informed Ms. Metts that she must file objections within 14 days. (Doc. 18, p. 7). Federal procedural rules for calculating time limitations actually provide 17 days from the date of the report and recommendation to file objections. *See* Fed. R. Civ. P. 72(b)(2) (giving parties 14 days after service of the R&R to file objections); Fed. R. Civ. P. 5(b)(2)(C) (stating that service by mail is complete upon mailing); Fed. R. Civ. P. 6(d) (providing an additional 3 days when service is made by mail). Under the mailbox rule (*see e.g., McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009)), a prisoner's pleadings are deemed filed on the date she signs them. Accordingly, Ms. Metts' objections, dated June 24, 2023, are timely filed.

district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In her objections, Ms. Metts restates the arguments that the magistrate judge considered and rejected, namely that the BOP improperly calculated Ms. Metts's sentence. For the sake of clarity, the Court repeats the relevant factual background regarding Ms. Metts's objections.

On November 21, 1996, in Ms. Metts's underlying criminal action, the Superior Court of the District of Columbia sentenced her to 20 months to 5 years for conspiracy (Count D); 10 to 30 years for armed robbery (Count E); 30 years to life for felony murder (Count F); and 30 years to life for first-degree murder (Count G). (Doc. 12-2, p. 11). Counts D, E, and G ran consecutively, and Count F ran

concurrently. The BOP calculated Ms. Metts's total term of imprisonment as 40 years and 20 months. (Doc. 12-2, p. 12).[2]

In 2018, the D.C. court vacated the felony murder sentence (Count F) because that sentence merged into the first-degree murder sentence (Count G). (Doc. 12-2, p. 16; Doc. 14-2). Counts D, E, and G did not change. (Doc. 12-2, p. 16). Consequently, the BOP's calculation of Metts's sentence as a total term of 40 years and 20 months did not change. (Doc. 12-1, p. 2; Doc. 12-2, p. 21).

Ms. Metts argues that when the D.C. court amended her sentence in 2018, all of her sentences merged into the 30 years to life sentence. (Doc. 19, pp. 1-2). Ms. Metts asserts that, with application of her good conduct time credit, she has overserved her sentence. (Doc. 19, p. 1). But, as the magistrate judge explained in his report and recommendation, Ms. Metts overlooks the fact that even after the 2018 amended sentence, she must serve *consecutive* minimum sentences of 20 months for conspiracy (Count D); 10 years for armed robbery (Count E); and 30 years for first-degree murder (Count G). (Doc. 18, pp. 5-6). The 2018 amendment only removed the concurrent 30-year sentence for felony murder (Count F). In other words, the 2018 ruling by the D.C. Court did not impact the total time Ms. Metts must serve.

---

[2] This total is reached by taking the minimum of each count. *See e.g., Watson v. Warden, FCC Coleman-USP I,* 521 Fed. Appx. 899, 903 (11th Cir. 2013) (noting that for conversion of indeterminate sentences from the D.C. Department of Corrections to the BOP, the BOP uses the low end of the range for parole eligibility, after aggregating consecutive sentences). Those minimums -- 20 months, 10 years, and 30 years – added together (because they are consecutive, not concurrent) produce a total sentence of 40 years and 20 months.

Having carefully reviewed and considered materials in the Court's electronic file, including the magistrate judge's report and Ms. Metts's objection, the Court overrules the objection, adopts the magistrate judge's findings, and accepts his recommendation. By separate order, the Court will deny Ms. Metts's petition for a writ of habeas corpus.

**DONE** and **ORDERED** this July 5, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE